JOURNAL ENTRY AND OPINION
 I. {¶ 1} Defendant-appellant Hannah Herbold Kinkel appeals the divorce decree entered by the lower court. Hannah argues that the decree materially differed from the settlement agreement to which she and her then-husband Philip Kinkel had agreed. She asks this court to remand so that a journal entry consistent with that settlement can be entered. For the reasons set forth below, we affirm the lower court's judgment.
 II. {¶ 2} Hannah and Philip separated in July 2000 after seventeen years of marriage. On June 6, 2001, Philip filed for divorce. Three days of trial ended on July 24, 2002, after which the parties reached a settlement. That settlement consisted of two separate agreements, a Separation Agreement and a Shared Parenting Plan (the two will be referred to collectively as "agreements"). By agreement of the parties and the court, journalization of this settlement was delayed until after Philip started his new job, which allowed Hannah to remain eligible for COBRA health insurance benefits with Philip's new insurer.
 {¶ 3} Philip's counsel prepared a proposed journal entry, purportedly incorporating the settlement agreement. A copy was sent to Hannah and a hearing was scheduled for September 9, 2002. On that date, Hannah's counsel faxed to Philip's counsel a letter, in which Hannah's counsel noted, with specifics, that "corrections need to be made to the Judgment Entry to make it conform to the terms of the Separation Agreement[.]" A second hearing was set for September 16, 2002.
 {¶ 4} Neither Hannah nor her counsel appeared at the September 16, 2002 hearing. The court, pursuant to Loc.R. 28(B) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, signed the proposed journal entry. In the place reserved for the signature of Hannah's counsel, the following was written: "submitted per Rule 28[.]" The judgment entry was thus journalized. Hannah timely appealed.
 III. {¶ 5} Assignment of Error: The trial court erred by approving a judgment entry of divorce which contained material inconsistencies from the parties' in-court separation agreement and shared parenting plan.
 A. {¶ 6} Hannah asserts that there are "several material" inconsistencies between the judgment entry of divorce and the two agreements. She asks this court to remand the matter so that an accurate judgment entry could be journalized.
 {¶ 7} Philip asks this court to affirm the court's journal entry because Hannah failed to raise proper objections to the proposed journal entry. Without the proper objections, he continues, Hannah has failed to preserve any objections for appeal. He further argues that any discrepancies between the journal entry and the agreements merely clarified the parties' intentions. He argues that Hannah's claim of "material" inconsistencies is without merit.
 B. {¶ 8} Local Rules require a party charged with preparing a proposed journal entry to submit that proposal to opposing counsel. Loc.R. 28(B). Once that submission has been made, opposing counsel "shall have 3 days in which to approve or reject the judgment entry." Id. Further, in the event of rejection, "the opposing party or his counsel shall file with the Court, at the time of such rejection, a written statement of his objections to the judgment entry." Id. And finally, "[f]ailure of the opposing party or his counsel to approve or reject any submitted judgment entry as provided above will allow the preparer of the entry to unilaterally present the entry for journalization by certifying thereon that the provision requiring submission to the opposing party or his counsel has been complied with and the date on which such compliance occurred." Id.
 C. {¶ 9} As explained below, we hold that Hannah's failure to properly object to the proposed journal entry precludes her from raising those objections on appeal.
 {¶ 10} Philip's counsel did prepare a proposed journal entry and did submit that proposal to Hannah. Hannah argues that she did object to this proposed journal entry by faxing a letter to Philip's counsel explaining the inconsistencies. The Local Rule requires, however, that she "shall file with the Court * * * a written statement of [her] objections[.]" Loc.R. 28(B)(1). Hannah's fax to Philip's counsel does not constitute a filing with the court.
 {¶ 11} Hannah had full opportunity to object to the proposed journal entry but did not do so. She cannot now complain that the journal entry that was journalized did not conform to the agreements when she did not make the court aware of her objections. See, e.g., Carson v. Weiss
(Sept. 16, 1993), Cuyahoga App. Nos. 63486 and 63722 and Rodgers v.Rodgers (May 7, 1987), Cuyahoga App. No. 52105.
 IV. {¶ 12} We therefore affirm the journal entry of the lower court. Hannah's failure to file objections with the court pursuant to Local Rule 28 precludes her from raising those objections on appeal.
Judgment affirmed.
TIMOTHY E. McMONAGLE, J., and ANTHONY O. CALABRESE, JR., J., CONCUR.